David Anaise M.D. J.D.
1001 W San Martin Dr.
Tucson AZ 85704
Phone: 520-219-7321
Arizona State Bar No. 019653
Email: anaisedavid.office@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MONICA R. MIGUEL-DOZIER,<br>            Plaintiff,<br>vs.<br>MANTECH INTERNATIONAL CORPORATION<br>and<br>HARTFORD INSURANCE COMPANY<br>            Defendants. | Case No.<br><br>COMPLAINT |

For her claim against Defendants, Plaintiff, Ms. Monica R. Miguel-Dozier, ("Miguel-Dozier") alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. Plaintiff, Monica R. Miguel-Dozier, ("Miguel-Dozier") is a resident of Pima County, Arizona and a former employee of Mantech International Corporation ("Mantech").

3. Defendant, Mantech International Corporation ) is the policyholder, plan sponsor and plan

1  administrator of the long-term disability plan.

2  4.	Hartford Company("Hartford") has been acting as the claim administrator for the relevant policy of
3  insurance.

4  5.	Defendant, Hartford is the underwriter for the relevant policy of insurance.

5  6.	The Long-Term Disability Plan provided by Mantech ("the Plan") is a purported ERISA benefit plan
6  established and maintained by the Policyholder (MANTECH) for the benefit of its employees.

7  7.	The Plan is part of a purported ERISA employee welfare plan, established, funded, and maintained by
8  employer and administered Mantech International Corporation and Hartford Company.

9  8.	Mantech is a Plan Fiduciary as defined by ERISA.

10 9.	This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. §1132, and
11 because Mantech and Hartford have caused events to occur in Arizona out of which Miguel-Dozier's claims
12 arise.

13 10.	This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §1132(a), (e),
14 28 U.S.C. §1331 (federal question); and 28 U.S.C. §2201-02 (declaratory judgments).

15 11.	Venue is proper in this District by virtue of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b).

16

17                              **GENERAL ALLEGATIONS**

18 12.	MANTECH provided certain employees with long-term disability insurance pursuant to the Plan.

19 13.	At all relevant times, Miguel-Dozier was an employee of MANTECH, became a covered individual
20 under the Plan, and remained continuously an employee.

21 14.	Miguel-Dozier qualified for the Long Term Disability Benefits under the Plan.

22 15.	Under the terms of the Plan, HARTFORD promises and becomes obligated to pay covered long-term
23 disability benefits to Miguel-Dozier for 24 months if, due to sickness or injury, she is unable to perform the
24 material duties of her regular occupation and is unable to earn 80% or more of her indexed earnings from
25 working in her regular occupation.

26 17.	Prior to becoming disabled, Miguel-Dozier was a Quality Assurance Engineer.

27

28

1  18.    On October 21, 2010, Miguel-Dozier became disabled and was unable to perform the duties of her
2  occupation as a Quality Assurance Engineer.
3  19.    Miguel-Dozier suffers from disabling conditions which prevent her from being able to perform the
4  material duties of her regular occupation, or any other occupation for which she is or may reasonably become
5  qualified based on her education, training, or experience.
6  20.    Miguel-Dozier continues to be totally disabled as defined by the Plan.
7  21.    On January 7, 2011, HARTFORD approved Miguel-Dozier for disability benefits beginning September 5
8  2010.
9  22.    On December 31, 2011, HARTFORD determined that Miguel-Dozier was no longer disabled and thus
10 not eligible to receive additional benefits. HARTFORD terminated the benefits effective December 31, 2011.
11 Plaintiff    appealed that decision.
12 23.    On November 26 2012, HARTFORD issued a denial upholding their prior decision to terminate
13 benefits effective December 2, 2011,.
14 24.    HARTFORD's denial was erroneous, contrary to and in breach of the terms of coverage, and was based
15 on erroneous information and false assumptions. The denial was based upon an incomplete, biased record,
16 directed, and steered by HARTFORD's own claims process, without basis in objective research, fact, or analysis.
17 HARTFORD placed its financial interests ahead of Miguel-Dozier's interests.
18 25.    Miguel-Dozier has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.
19 26.    On information and belief, Miguel-Dozier may be entitled to additional benefits from the MANTECH as
20 a disabled employee including, but not limited to, health insurance, Hartford, and retirement/pension credits.
21
22                              **COUNT I**
23                  **RECOVERY OF INSURANCE AND PLAN BENEFITS**
24
25 27.    Miguel-Dozier incorporates and re-alleges all previous allegations.
26 28.    The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 5 U.S.C. § 1002. Defendants are
27
28

1 administrators and fiduciaries of said Plan under the provisions of ERISA.

2 29.     HARTFORD and Mantech  offer long-term disability coverage and a promise to provide longterm
3 disability benefits until Miguel-Dozier is no longer disabled under the terms of the Plan.

4 30.     Miguel-Dozier became disabled on October 21, 2010, continues to be disabled, is unable to perform
5 the duties of her occupation or any other occupation under the terms of the LTD Plan, and has claimed the
6 benefits under the LTD Plan to which she is entitled.

7 31.     Miguel-Dozier reasonably expected that her conditions met the requirements of Total Disability as
8 defined by the LTD Plan.

9 32.     Despite the coverage of Miguel-Dozier's long-term disability, HARTFORD has improperly denied
10 continuation of long-term disability benefits to Miguel-Dozier in breach of the Plan. This breach was arbitrary,
11 capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous.

12 33.     HARTFORD's determination that Miguel-Dozier was not entitled to benefits was influenced by an
13 improper conflict of interest.

14 34.     Miguel-Dozier has exhausted her administrative remedies.

15 35.     The validity of a claim to benefits under an ERISA plan is reviewed under a de novo standard, unless the
16 benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to
17 construe the terms of the plan. If the Plan gives the administrator or fiduciary this discretionary authority, the
18 court reviews a denial of benefits for abuse of discretion.

19 36.     A fiduciary's "conflict of interest" is a "factor in determining whether there is an abuse of discretion."
20 Sa*ffon v. Wells Fargo & Company Long Term Disability Plan, 522 F.3d 863, 870 (9th Cir.2008) (quoting*
21 *Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989*)) (quoting
22 Restatement (Second) of Trusts § 187 cmt. d (1959)).

23 37.     Consequently, where the Plan grants the plan administrator discretionary authority, it is only the first
24 step in determining the standard by which the Court reviews its denial of benefits. Id. The degree of deference to
25 accord varies significantly, depending on whether or not the plan administrator labored under a conflict of
26 interest. Id.

27
28

1  38.     The Ninth Circuit recognizes that there is an "inherent conflict that exists when a plan administrator
2  both administers the plan and funds it." Id. (citing Abatie v. Alta Health & HARTFORD Co., 458 F.3d 955,
3  966-67 (9th Cir. 2006) (en banc)). Whether or not the plan administrator labored under a conflict of interest is
4  not contained in the administrative records and requires discovery prior to the parties filing a motion for
5  summary judgment.
6  39.     Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C.§ 1132(a)(I)(B), and to applicable
7  federal and state common law, Miguel-Dozier is entitled to recover all benefits due under the terms of the LTD
8  Plan, and to enforce her rights under the terms of the LTD Plan. Miguel-Dozier is further entitled, under the
9  terms of ERISA, 29 U.S.C. § I 132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and
10 2202, to clarification in this action in this Court of her rights to future benefits under the LTD Plan.
11 40.     Miguel-Dozier is entitled to reinstatement of any other employee benefits, which were terminated,
12 discontinued, or suspended as a result of the termination of her disability benefits.
13 41.     Pursuant to 29 U.S.C. § 1132(g), Miguel-Dozier is entitled to recover her attorney's fees and costs
14 incurred herein from HARTFORD and the Plan.
15 42.     Miguel-Dozier is entitled to prejudgment interest on the benefits to which she is entitled, and on her
16 damages at the highest legal rate until paid.
17
18 **WHEREFORE**, Miguel-Dozier prays for entry of judgment against Defendants as follows:
19 A.     For all past and future benefits due Miguel-Dozier under the terms of the LTD Plan;
20 B.     Enforcing Miguel-Dozier's rights under the terms of the LTD Plan;
21 C.     Clarifying and determining Miguel-Dozier's rights to future benefits under the terms of the LTD Plan;
22 D.     For an award of Miguel-Dozier's attorney's fees and costs incurred herein;
23 E.     For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and
24 F.     For such, other and further relief as the Court deems just and reasonable.
25 RESPECTFULLY SUBMITTED December        , 2013.
26 By s/DAnaise
27
28                              _ძვε 5 დვ  6

1  David Anaise, M.D., J.D. Attorney for Plaintiff

2  **CERTIFICATE OF SERVICE**

3  I hereby certify that on December 10, 2013, I electronically transmitted the attached document to the

4  Clerk's Office using the CM/ECF System for filing. Courtesy copy to be delivered on or about December 16

5  2013, to:

6

7  United States District Court,
District of Arizona
405 W. Congress, Suite 1500
8  Tucson, AZ 85701-2417

9
Copy of the foregoing to be served via process server on the following with the summonses (when issued):
10

11  Mantech International Corporation
12015 Lee Jackson Memorial Highway
12  Fairfax VA 22033

13

14  and

HARTFORD Insurance Company of America
15  Through: AZ Dept. of Insurance
2910 North 44th Street, 2nd Floor Phoenix, AZ 85018
16

17
and
18  Hartford Life and Accident Insurance Company
200 Hopmeadow st
19  Simsbury CT 06089

20

21  s/. David Anaise

22

23

24

25

26

27

28                    Page 6 of 6